IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Albert S. Kelly, #277334, | ) Case No.: 4:25-cv-3009-JD-TER |
| Plaintiff, | ) |
| vs. | ) ORDER |
| Regional Director Williams, Superior Respondent, | ) |
| Defendants. | ) |

Plaintiff is a state prisoner proceeding pro se. On April 17, 2025, the Court ordered Plaintiff to complete a complaint form and either pay the filing fee or move for in forma pauperis status. (DE 5.) This matter now comes before the Court due to Plaintiff's failure to comply with the magistrate judge's order. (DE 5.) Notably, Plaintiff exhibited similar noncompliance in *Kelly v. Sharill*, No. 4:25-cv-1430-JD, which was dismissed pursuant to Rule 41.

The Order was mailed to the address provided by Plaintiff. Because the mailing was not returned as undeliverable, the Court presumes Plaintiff received the Order. Despite this, Plaintiff has failed to comply within the time permitted. To date, the Court has received no response or communication from Plaintiff, and the deadline for compliance has expired.

"The court has inherent power to manage its docket in the interests of justice." *Luberda v. Purdue Frederick Corp.*, No. 4:13-cv-00897, 2013 WL 12157548, at *1 (D.S.C. May 31, 2013). Additionally, Rule 41(b) expressly authorizes dismissal of actions for failure to prosecute. *See* Fed. R. Civ. P. 41(b). "The authority of a court to

1

dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962).

Given Plaintiff's failure to comply within the time ordered, the Court concludes that Plaintiff does not intend to prosecute this action, warranting dismissal. *See* Fed. R. Civ. P. 41(b) (authorizing dismissal when a plaintiff fails to comply with a court order); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (affirming dismissal with prejudice when prior warning provided); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (recognizing court's authority to dismiss sua sponte).

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. The Clerk of Court is directed to close the file.

IT IS SO ORDERED.

Florence, South Carolina
June 4, 2025

Joseph Dawson, III
United States District Judge